UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CYNTHIA STROPE,

                                      Plaintiff,

                                                                                     <u>DECISION AND ORDER</u>

                                                                                        08-CV-6136L

                  v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                                      Defendant.

_____

Plaintiff, Cynthina Strope, commenced this action under 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that she was not disabled under the Social Security Act, and therefore, not entitled to Social Security disability and supplemental security income benefits.

On March 27, 2009, plaintiff's counsel filed a Statement Noting the Death of Plaintiff, which reported that Ms. Strope had passed away on January 22, 2009. (Dkt. #13). Plaintiff's counsel also filed an affidavit, which reported that plaintiff's family lacked standing to continue her claims on her behalf, and that although the Chemung County Department of Social Services, which could make such a claim, had been served with a copy of the Statement on March 27, 2009, it did not intend to take any action. (Dkt. #14).

Under Rule 25 of the Federal Rules of Civil Procedure, if the plaintiff does not substitute another party for the deceased party within 90 days after the death is suggested on the record, the action by the deceased party shall be dismissed. Fed. R. Civ. Proc. 25(a)(1). More than 90 days have passed since the Statement Noting the Death of Plaintiff was filed, and no other parties have appeared or moved for substitution. Accordingly, the complaint is dismissed with prejudice, and the parties' pending motions for summary judgment (Dkt. #10) and for remand (Dkt. #7) are denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 1, 2009.